# KLINGEMAN CERIMELE
## ATTORNEYS

100 Southgate Parkway
Suite 150
Morristown, NJ 07960

klingemanlaw.com

January 12, 2023

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge for
The Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

> Re:    United States v. Adriano Rodriguez-Diaz
>          21 Cr. 246 (RA)

Dear Judge Abrams:

This firm represents Defendant Adriano Rodriguez-Diaz who is scheduled to be sentenced on January 17, 2023 at 9:00 am. Please accept this letter in further support of Defendant's sentencing position and in response to the Government's letter dated December 21, 2022.

On August 29, 2022, the Court accepted Defendant's guilty plea and ordered a *Fatico* hearing regarding all disputed sentencing issues. The Government previously sought a sentence of 15 years imprisonment as set forth in its submission dated November 2, 2022. The Government now seeks a sentence of 20 years imprisonment as a result of another disputed sentencing enhancement. For the reasons set forth below, the Court should sentence Defendant, a first-time offender, to a sentence consistent with *United States v. Booker*, 543 U.S. 220 (2005).

## I.    A Two-Level Enhancement Pursuant to U.S.S.G. § 3C1.1 Should Not Apply

The Government seeks a two-level enhancement pursuant to U.S.S.G. § 3C1.1. The enhancement provides that a two-level enhancement is appropriate "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense."

The Government seeks this enhancement, despite the existence of materially disputed facts supporting the enhancement (*i.e.*, precisely the reason the Court ordered a *Fatico* hearing). The Government is now seeking additional, significant penalties without the benefit of an evidentiary hearing and cross-examination.

Specifically, the Government's position is strongly disputed by the Defendant and insufficiently unsupported.[1]  The Government argues that the Defendant and others at his direction, contacted the brother[2] of CW-1 and threatened CW-1 for testifying against him.  The Government's submission, however, noticeably fails to disclose material facts that undermine their position. For example, the Government fails to disclose:



---

[1] The Government states that current defense counsel (or former counsel) may have provided discovery marked "Attorneys Eyes Only" to the Defendant. Gov't Dec. 21, 2022 Letter at 2. Current defense counsel did not provide this discovery to the Defendant.

Most importantly, the Government fails to disclose that the Defendant told CW-1's brother that he only wanted him to "*tell the truth.*"  To that end, Defendant told CW-1's brother that he recognized that CW-1 had "no option but to testify."  Defendant also referenced two seminal issues—two issues that he has disputed throughout the prosecution and that remain the subject of the *Fatico* hearing: Defendant's purported leadership role in the conspiracy and the genesis of the firearm recovered at the time of the arrests.

Accordingly, at this stage, without the benefit of cross-examination and *Fatico* hearing, the Government has not met their burden for a two-level enhancement pursuant to U.S.S.G. § 3C1.1.

## II.    A Two-Level Reduction is Appropriate Pursuant to U.S.S.G. § 3E1.1(a) for Acceptance of Responsibility

U.S.S.G. § 3E1.1 provides that a two-level reduction is appropriate "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." Mr. Rodriguez-Diaz has always accepted responsibility for his conduct and continues to do so. On December 15, 2021, Defendant was interviewed during an extended proffer session and fully accepted responsibility for his conduct.  Exhibit C, December 15, 2021 Rodriguez-Diaz Proffer Notes.

## III.    A Two-Level Enhancement Pursuant to U.S.S.G. § 2D1.1(b)(1) Should Not Apply

An enhancement is warranted pursuant to U.S.S.G. § 2D1.1(b)(1) only if the Government establishes that a firearm was possessed and "connected with the drug offense." *United States v. Smith*, 215 F.3d 237, 241 (2d Cir. 2000).

Defendant has proffered that the firearm belonged to another individual – Eduardo – who left the gun at the warehouse.  *See* Exhibit C, December 15, 2021 Rodriguez-Diaz Proffer Notes. Defendant saw the gun on isolated occasions and, at one point, asked Eduardo when he was going to remove it from the warehouse.

The witness testimony about the gun at the *Fatico* hearing was materially inconsistent and failed to establish that Mr. Rodriguez-Diaz actually possessed the gun, much less used it in the conspiracy.  A law enforcement witness testified that the gun was recovered in a storage room that was in disarray. Exhibit D, Screen Shot from Gov't Exhibit 202C.  The record is devoid of any testimony that the gun was on Defendant's person at any time or being used and somehow connected with the drug offense. Indeed, the Government recovered DNA and fingerprints on the gun that bore no connection to Defendant.  Exhibit E, Laboratory Report. CW-2 testified that he had never held the gun, but saw it on multiple occasions, including in a

trap in a vehicle in close proximity to drugs and money.  CW-2's testimony, however, was false, and contradicted even by his own prior statements. ████████████████████████



████████████████████████████████

Furthermore, contrary to CW-2's sworn testimony, CW-1 testified that he witnessed an individual—who was not confirmed to be part of the narcotics conspiracy—give the firearm to CW-2 in a towel.  CW-2 denied this occurrence.

At worst, the witnesses' testimony was unreliable and untruthful.  At best, the testimony was insufficient to warrant an enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).

### a. If the Court Finds that a Two-Level Enhancement Should Apply, it Should Not Preclude Application of the "Safety Valve"

To qualify for the safety valve, a defendant must satisfy five criteria:

(1) the defendant does not have—
   (a) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
   (b) a prior 3-point offense, as determined under the sentencing guidelines;
   (c) a prior 2-point offense, as determined under the sentencing guidelines;
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;
(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not

████████████████████████████████████████████████████

engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

Mr. Rodriguez-Diaz has easily satisfied four of the five criteria: He has no criminal history; the offense did not result in death or serious bodily injury to any person; as set forth *infra*, he was not an organizer, leader, manager, or supervisor; and, as set forth *supra*, he has truthfully provided to the Government all information and evidence he has concerning the offense. If the court finds that that a two-level enhancement should apply pursuant to U.S.S.G. § 2D1.1(b)(1), however, Mr. Rodriguez-Diaz would seemingly be ineligible for the "safety valve," having failed to meet the second criteria, requiring that a defendant did not possess a firearm in connection with the offense. However, as noted by the Second Circuit in *United States v. Herrera*, 446 F.3d 283, 286 (2d Cir. 2006), certain circuits have determined that the second criteria for "safety valve" eligibility may necessitate a narrower definition of "possession," requiring proof of "personal dominion and control."

Applying the narrower definition of "possession," Mr. Rodriguez-Diaz cannot be found to have possessed a firearm in connection with the offense. He did not have "dominion or control" over the firearm; he did not "knowingly ha[ve] the power and the intention at a given time to exercise dominion and control over [the firearm], either directly or through others." *United States v. Hertular*, 562 F.3d 433, 447-48 (2d Cir. 2009) (quoting *United States v. Paulino*, 445 F.3d 211, 222 (2d Cir. 2006)). Consequently, Mr. Rodriguez-Diaz did not possess a firearm and has thus satisfied the second criteria required for application of the "safety valve."

## IV.    A Two-Level Enhancement Pursuant to U.S.S.G. § 2D1.1(b)(16)(c) Should Not Apply

<u>Lastly</u>, Mr. Rodriguez-Diaz was not a leader or organizer of the conspiracy. "[T]o support a sentence enhancement under U.S.S.G. § 3B1.1," the Second Circuit "require[s] a district court to make specific factual findings." *United States v. Molina*, 356 F.3d 369, 275 (2d Cir. 2004). Among the factors that a court should consider are "the defendant's exercise of decision making authority, his recruitment of accomplices, and the degree of his participation in organizing the offense." *Id.* at 276 (citing U.S.S.G. § 3B1.1, cmt. n. 4). A court should also consider "the nature of participation in the commission of the offense . . . the claimed right to a larger share of the fruits of the crime . . . the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, cmt. n. 4.

Testimony confirmed that Defendant was not a leader or organizer, but that he received direction from others. Indeed, he previously disclosed the identity of others and the nature of their involvement in proffer sessions with the Government. The witnesses who testified provided little detail about Defendant's "leadership" role. To the contrary, the witnesses provided vague testimony about Defendant's general managerial role in the warehouse. They testified that Defendant knew where the drugs would be placed in the load; which pallets contained drugs; which pallets and boxes to open first; and where to deliver the drugs after packaging. Defendant has readily acknowledged his involvement in the conspiracy and accepted full responsibility, but the testimony provides little support for the notion that he was anything but an equal participant. Although Mr. Rodriguez-Diaz instructed others about how to unload containers and was told which pallets contained drugs, that does not support a leadership enhancement. In fact, none of the testimony at the evidentiary hearing supported a leadership enhancement as contemplated by the guidelines. Accordingly, a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(16)(c) should not apply.

The Court should also consider the motive and credibility of the testifying witnesses, particularly CW-1. CW-1 pled guilty before Your Honor to two *separate* drug trafficking offenses – only one involving Defendant. Exhibit G, Complaint. That is, at the same time CW-1 was purportedly accepting direction from Defendant, he was also engaging in an entirely separate drug trafficking conspiracy without the Defendant and unrelated to the Defendant. ▮

▮ Unlike Defendant, CW-1 has a lengthy criminal record. Moreover, CW-1 conceded that *he* introduced Defendant to the supplier, not vice versa, making it highly implausible that CW-1 was receiving direction from Defendant.

Here, Defendant is a first-time offender and this offense represents his first criminal conviction. His conduct warrants a prison sentence that is commensurate with his role in this offense and his otherwise law-abiding life.

Respectfully submitted,

/s/ Ernesto Cerimele

ERNESTO CERIMELE

# EXHIBIT A





# EXHIBIT B



# EXHIBIT C











EXHIBIT D



# EXHIBIT E



**LABORATORY REPORT**

NEW YORK CITY POLICE DEPARTMENT
POLICE LABORATORY
CRIMINALISTICS SECTION

| | |
|---|---|
| LABORATORY # | 2021-014626 |
| LABORATORY REPORT # | 1 |
| COMPLAINT # | 2021-010-00679 |
| INVOICE # | 4000802754 |

INVOICED BY:  DT3 FRANK SARRICA Tax#:924463 Command: ORG CRIME DRUG ENF STRIKE FORC

DATE SUBMITTED:  03/16/2021

DEFENDANT(S):

ANALYSIS STARTED:  05/14/2021
ANALYSIS COMPLETED:  05/17/2021

TYPE OF ANALYSIS: LATENT PRINT DEVELOPMENT

## A) DESCRIPTION OF EVIDENCE

EVIDENCE PRESENT AS ITEMIZED ON INVOICE:   [X] YES    [ ] NO (SEE REMARKS)

| Invoice Item # | Laboratory Item # | Qty | Description |
|---|---|---|---|
| 1 | 1 | 1 | Reflective silver metal firearm with a white pearlized grip marked Serial #: RIA1655211, M1911-A1FS, APINTL-PAHRUMP NV ACP Philippines, with possible hair |
| 2 | 2 | 1 | Gold and copper metal cartridge marked Winchester 45 Auto (Found in (1) zip lock bag) |
| 3 | 3 | 3 | Metal cartridges: (1) gold and copper, marked Winchester 45 Auto and (5) gold, marked MAXXTECH 45 Auto (Found in (1) zip lock bag) |
| 4 | 4 | 1 | Reflective silver metal magazine marked Kimber, 45ACP |

## B) EXAMINATION REQUESTED

1. Latent print development
2. DNA collection

## C) METHODS USED

| Laboratory Item # | Methods Used |
|---|---|
| 1 | Visual examination, Alternate Light Source, Cyanoacrylate, MBD and Digital Capturing/Processing |
| 2 | Visual examination, Alternate Light Source, Cyanoacrylate and MBD |
| 3 | Visual examination, Alternate Light Source, Cyanoacrylate and MBD |
| 4 | Visual examination, Alternate Light Source, Cyanoacrylate, MBD and Digital Capturing/Processing |

## D) RESULTS OF EXAMINATION/ANALYSIS

1. Latent print(s) potentially of value (POV) were developed on the laboratory item #(s) listed below. Latent print(s) potentially of value were recovered from the following:

   **Laboratory item # 1**    Total # of potentially of value prints: 1 (identified as TAG1)
   TAG1: on firearm slide

   **Laboratory item # 4**    Total # of potentially of value prints: 2 (identified as TAG2-TAG3)
   TAG2-TAG3: on body of magazine

THE RESULTS STATED ABOVE RELATE ONLY TO THE ITEMS TESTED OR SAMPLED AND APPLY TO THE SAMPLE AS RECEIVED. THIS REPORT DOES NOT CONSTITUTE THE ENTIRE CASE FILE. THE CASE FILE MAY BE COMPRISED OF WORKSHEETS, IMAGES, ANALYTICAL DATA AND OTHER DOCUMENTS. THIS REPORT SHALL NOT BE REPRODUCED EXCEPT IN FULL WITHOUT APPROVAL OF THE LABORATORY TO PROVIDE ASSURANCE THAT PARTS OF A REPORT ARE NOT TAKEN OUT OF CONTEXT.
THE DEFINITIONS OF TERMS USED IN THIS REPORT CAN BE LOCATED AT THE NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES WEBSITE:
http://www.criminaljustice.ny.gov/forensic/labreportstandards.htm
THE RESULTS ARE THE OPINIONS / INTERPRETATIONS / CONCLUSIONS OF THE UNDERSIGNED.
I HEREBY CERTIFY THAT I TESTED/EXAMINED/ANALYZED THE ABOVE DESCRIBED ITEM(S) AND THAT THIS REPORT IS AN ORIGINAL REPORT MADE BY ME. FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE NEW YORK STATE PENAL LAW.

| CRIM III | Tiffany Garcia | | 358508 | 05/18/2021 | 05/18/2021 |
|---|---|---|---|---|---|
| RANK/TITLE | AUTHORIZER/ANALYST NAME | ANALYST SIGNATURE | TAX # | DATE PREPARED | DATE ISSUED |

LABORATORY REPORT



NEW YORK CITY POLICE DEPARTMENT
POLICE LABORATORY
CRIMINALISTICS SECTION

| | |
|---|---|
| LABORATORY # | 2021-014626 |
| LABORATORY REPORT # | 1 |
| COMPLAINT # | 2021-010-00679 |
| INVOICE # | 4000802754 |

INVOICED BY:    DT3 FRANK SARRICA Tax#:924463 Command: ORG
CRIME DRUG ENF STRIKE FORC

DATE SUBMITTED:    03/16/2021

DEFENDANT(S):

ANALYSIS STARTED:    05/14/2021
ANALYSIS COMPLETED:    05/17/2021

2. No latent prints/friction ridge detail suitable for capture/identification was observed on the following laboratory item #(s): **2** and **3**.

3. Possible DNA and/or hand-picked trace evidence was collected from the evidence listed on the above invoice. These items were invoiced under Property Clerk Invoice #(s) 6000031680 and 6000031683, and will be forwarded to the Evidence Control Section pending further disposition.
   **Laboratory item # 1.1**    One swab from edges of trigger guard and textured areas of trigger
   **Laboratory item # 1.2**    One swab from textured areas of grip
   **Laboratory item # 1.3**    One swab from edges/textured areas of slide, slide lock, safety, sights, hammer, magazine release and magazine well
   **Laboratory item # 1.4**    One gel lift containing possible hair collected from firearm slide
   **Laboratory item # 4.1**    One swab from edges of magazine

## E) REMARKS

1. Latent print(s) potentially of value were digitally captured and digitally processed. These digital images were made available to the Latent Print Section of this Department for further examination.

2. DNA and/or serological examinations are conducted by the Department of Forensic Biology at the Office of Chief Medical Examiner.

3. All hairs and hair fragments are possibly suitable for DNA analysis.

4. Unless previously stated, no analysis or comparison was conducted with the recovered/observed trace evidence. Trace evidence may be suitable for additional analyses to help provide investigative information or establish associations between individuals and/or locations. Comparisons can be conducted on some types of trace evidence if known samples are collected from the victim, suspect, and/or items found at the scene of the incident. If determined to be necessary and probative, please contact the Police Laboratory to recall the evidence for analysis assessment.

5. The above listed evidence under invoice #4000802754 will be forwarded to the Evidence Control Section pending further analysis by the Firearms Analysis Section.

6. The above listed evidence under invoice #6000031680 will be forwarded to the Evidence Control Section for triage by the Office of Chief Medical Examiner Liaison Unit.

7. The above listed evidence under invoice #6000031683 will be forwarded to the Property Clerk Division for storage.

THE RESULTS STATED ABOVE RELATE ONLY TO THE ITEMS TESTED OR SAMPLED AND APPLY TO THE SAMPLE AS RECEIVED. THIS REPORT DOES NOT CONSTITUTE THE ENTIRE CASE FILE. THE CASE FILE MAY BE COMPRISED OF WORKSHEETS, IMAGES, ANALYTICAL DATA AND OTHER DOCUMENTS. THIS REPORT SHALL NOT BE REPRODUCED EXCEPT IN FULL WITHOUT APPROVAL OF THE LABORATORY TO PROVIDE ASSURANCE THAT PARTS OF A REPORT ARE NOT TAKEN OUT OF CONTEXT.
THE DEFINITIONS OF TERMS USED IN THIS REPORT CAN BE LOCATED AT THE NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES WEBSITE:
http://www.criminaljustice.ny.gov/forensic/labreportstandards.htm
**THE RESULTS ARE THE OPINIONS / INTERPRETATIONS / CONCLUSIONS OF THE UNDERSIGNED.**
I HEREBY CERTIFY THAT I TESTED/EXAMINED/ANALYZED THE ABOVE DESCRIBED ITEM(S) AND THAT THIS REPORT IS AN ORIGINAL REPORT MADE BY ME. FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE NEW YORK STATE PENAL LAW.

| CRIM III | Tiffany Garcia | | 358508 | 05/18/2021 | 05/18/2021 |
|---|---|---|---|---|---|
| RANK/TITLE | AUTHORIZER/ANALYST NAME | ANALYST SIGNATURE | TAX # | DATE PREPARED | DATE ISSUED |

LABORATORY REPORT



**NEW YORK CITY POLICE DEPARTMENT**
**POLICE LABORATORY**
**CRIMINALISTICS SECTION**

| | |
|---|---|
| LABORATORY # | 2021-014626 |
| LABORATORY REPORT # | 1 |
| COMPLAINT # | 2021-010-00679 |
| INVOICE # | 4000802754 |

INVOICED BY: DT3 FRANK SARRICA Tax#:924463 Command: ORG CRIME DRUG ENF STRIKE FORC

| | |
|---|---|
| DATE SUBMITTED: | 03/16/2021 |
| ANALYSIS STARTED: | 05/14/2021 |
| ANALYSIS COMPLETED: | 05/17/2021 |

DEFENDANT(S):

---

TYPE OF ANALYSIS: LATENT PRINT DEVELOPMENT

## A) DESCRIPTION OF EVIDENCE

EVIDENCE PRESENT AS ITEMIZED ON INVOICE:   [X] YES   [ ] NO (SEE REMARKS)

| Invoice Item # | Laboratory Item # | Qty | Description |
|---|---|---|---|
| 1 | 1 | 1 | Reflective silver metal firearm with a white pearlized grip marked Serial #: RIA1655211, M1911-A1FS, APINTL-PAHRUMP NV ACP Philippines, with possible hair |
| 2 | 2 | 1 | Gold and copper metal cartridge marked Winchester 45 Auto (Found in (1) zip lock bag) |
| 3 | 3 | 3 | Metal cartridges: (1) gold and copper, marked Winchester 45 Auto and (5) gold, marked MAXXTECH 45 Auto (Found in (1) zip lock bag) |
| 4 | 4 | 1 | Reflective silver metal magazine marked Kimber, 45ACP |

## B) EXAMINATION REQUESTED

1. Latent print development
2. DNA collection

## C) METHODS USED

| Laboratory Item # | Methods Used |
|---|---|
| 1 | Visual examination, Alternate Light Source, Cyanoacrylate, MBD and Digital Capturing/Processing |
| 2 | Visual examination, Alternate Light Source, Cyanoacrylate and MBD |
| 3 | Visual examination, Alternate Light Source, Cyanoacrylate and MBD |
| 4 | Visual examination, Alternate Light Source, Cyanoacrylate, MBD and Digital Capturing/Processing |

## D) RESULTS OF EXAMINATION/ANALYSIS

1. Latent print(s) potentially of value (POV) were developed on the laboratory item #(s) listed below. Latent print(s) potentially of value were recovered from the following:

   **Laboratory item # 1**   Total # of potentially of value prints: 1 (identified as TAG1)
   TAG1: on firearm slide

   **Laboratory item # 4**   Total # of potentially of value prints: 2 (identified as TAG2-TAG3)
   TAG2-TAG3: on body of magazine

THE RESULTS STATED ABOVE RELATE ONLY TO THE ITEMS TESTED OR SAMPLED AND APPLY TO THE SAMPLE AS RECEIVED. THIS REPORT DOES NOT CONSTITUTE THE ENTIRE CASE FILE. THE CASE FILE MAY BE COMPRISED OF WORKSHEETS, IMAGES, ANALYTICAL DATA AND OTHER DOCUMENTS. THIS REPORT SHALL NOT BE REPRODUCED EXCEPT IN FULL WITHOUT APPROVAL OF THE LABORATORY TO PROVIDE ASSURANCE THAT PARTS OF A REPORT ARE NOT TAKEN OUT OF CONTEXT.
THE DEFINITIONS OF TERMS USED IN THIS REPORT CAN BE LOCATED AT THE NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES WEBSITE:
http://www.criminaljustice.ny.gov/forensic/labreportstandards.htm
**THE RESULTS ARE THE OPINIONS / INTERPRETATIONS / CONCLUSIONS OF THE UNDERSIGNED.**
I HEREBY CERTIFY THAT I TESTED/EXAMINED/ANALYZED THE ABOVE DESCRIBED ITEM(S) AND THAT THIS REPORT IS AN ORIGINAL REPORT MADE BY ME. FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE NEW YORK STATE PENAL LAW.

| CRIM III | Tiffany Garcia | | 358508 | | |
|---|---|---|---|---|---|
| RANK/TITLE | AUTHORIZER/ANALYST NAME | ANALYST SIGNATURE | TAX # | DATE PREPARED | DATE ISSUED |



LABORATORY REPORT

NEW YORK CITY POLICE DEPARTMENT
POLICE LABORATORY
CRIMINALISTICS SECTION

| | |
|---|---|
| LABORATORY # | 2021-014626 |
| LABORATORY REPORT # | 1 |
| COMPLAINT # | 2021-010-00679 |
| INVOICE # | 4000802754 |

INVOICED BY:  DT3 FRANK SARRICA Tax#:924463 Command: ORG
CRIME DRUG ENF STRIKE FORC

DATE SUBMITTED:    03/16/2021

ANALYSIS STARTED:    05/14/2021
ANALYSIS COMPLETED:    05/17/2021

DEFENDANT(S):

---

2.  No latent prints/friction ridge detail suitable for capture/identification was observed on the following laboratory item #(s): **2** and **3**.

3.  Possible DNA and/or hand-picked trace evidence was collected from the evidence listed on the above invoice. These items were invoiced under Property Clerk Invoice #(s) 6000031680 and 6000031683, and will be forwarded to the Evidence Control Section pending further disposition.

   **Laboratory item # 1.1**   One swab from edges of trigger guard and textured areas of trigger
   **Laboratory item # 1.2**   One swab from textured areas of grip
   **Laboratory item # 1.3**   One swab from edges/textured areas of slide, slide lock, safety, sights, hammer, magazine release and magazine well
   **Laboratory item # 1.4**   One gel lift containing possible hair collected from firearm slide
   **Laboratory item # 4.1**   One swab from edges of magazine

## E)   REMARKS

1.  Latent print(s) potentially of value were digitally captured and digitally processed. These digital images were made available to the Latent Print Section of this Department for further examination.

2.  DNA and/or serological examinations are conducted by the Department of Forensic Biology at the Office of Chief Medical Examiner.

3.  All hairs and hair fragments are possibly suitable for DNA analysis.

4.  Unless previously stated, no analysis or comparison was conducted with the recovered/observed trace evidence. Trace evidence may be suitable for additional analyses to help provide investigative information or establish associations between individuals and/or locations. Comparisons can be conducted on some types of trace evidence if known samples are collected from the victim, suspect, and/or items found at the scene of the incident. If determined to be necessary and probative, please contact the Police Laboratory to recall the evidence for analysis assessment.

5.  The above listed evidence under invoice #4000802754 will be forwarded to the Evidence Control Section pending further analysis by the Firearms Analysis Section.

6.  The above listed evidence under invoice #6000031680 will be forwarded to the Evidence Control Section for triage by the Office of Chief Medical Examiner Liaison Unit.

7.  The above listed evidence under invoice #6000031683 will be forwarded to the Property Clerk Division for storage.

THE RESULTS STATED ABOVE RELATE ONLY TO THE ITEMS TESTED OR SAMPLED AND APPLY TO THE SAMPLE AS RECEIVED. THIS REPORT DOES NOT CONSTITUTE THE ENTIRE CASE FILE. THE CASE FILE MAY BE COMPRISED OF WORKSHEETS, IMAGES, ANALYTICAL DATA AND OTHER DOCUMENTS. THIS REPORT SHALL NOT BE REPRODUCED EXCEPT IN FULL WITHOUT APPROVAL OF THE LABORATORY TO PROVIDE ASSURANCE THAT PARTS OF A REPORT ARE NOT TAKEN OUT OF CONTEXT.
THE DEFINITIONS OF TERMS USED IN THIS REPORT CAN BE LOCATED AT THE NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES WEBSITE:
http://www.criminaljustice.ny.gov/forensic/labreportstandards.htm
**THE RESULTS ARE THE OPINIONS / INTERPRETATIONS / CONCLUSIONS OF THE UNDERSIGNED.**
I HEREBY CERTIFY THAT I TESTED/EXAMINED/ANALYZED THE ABOVE DESCRIBED ITEM(S) AND THAT THIS REPORT IS AN ORIGINAL REPORT MADE BY ME. FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE NEW YORK STATE PENAL LAW.

| CRIM III | Tiffany Garcia | | 358508 | | |
|---|---|---|---|---|---|
| RANK/TITLE | AUTHORIZER/ANALYST NAME | ANALYST SIGNATURE | TAX # | DATE PREPARED | DATE ISSUED |



NEW YORK CITY POLICE DEPARTMENT
POLICE LABORATORY
CRIMINALISTICS SECTION

LABORATORY #     2021-014626
COMPLAINT #     2021-010-00679
INVOICE #     4000802754

## CRIMINALISTICS WORKSHEET

| OUTER PACKAGING CONDITION | DATE ASSIGNED: | 5/14/21 |
|---|---|---|
| SEALED: ☑ YES ☐ No | ANALYSIS STARTED: | 5/14/21 |
| SIGNATURE/INITIALS ON: ☑ PACKAGING SEAL(S) ☐ POLICE LABORATORY STICKER ☐ NOT SIGNED/INITIALED | ANALYSIS COMPLETED: | 5/17/21 |

ADDITIONAL INVOICE #(S): 60000 31680 , 60000 31683

Received (1) PSE #120429904 c̄:

→ Item #1 (w/ zip tie)
→ (1) ziplock bag c̄ item #2
→ (1) ziplock bag c̄ item #3
→ Item #4

FMSB: Crim Kamalalshan 5/14/21 Ⓡ Tax#-346415

Item #1: (1) shiny/reflective silver metal firearm marked c̄ pearlized grip w/ a white
marked c̄ RIA16SS211, M1911-A1FS, APINTL- PAHRUMP NV ACP Phillippines, w/
possible hair.     Note: Invoice lists serial # as R1A16SS211
Item #2: (1) Gold & copper metal cartridge marked Federal Winchester 45 Auto

Item #3: (6) metal cartridges: (1) gold & copper, marked Federal 45 Auto
& (5) gold, marked MAXXTech 45 Auto

Item #4: (1) shiny/Reflective metal (silver) magazine marked Kimber, 45ACP
RDNV/PON

| Item # | VIS | ALS | CA | MBD | | | |
|---|---|---|---|---|---|---|---|
| 1 | 24/1 | 0/0 | 28/2a | 3(3)9/2a | | | |
| 2 | 0/0 | 0/0 | 1/0 | 0/0 | | | |
| 3 | 9/0 | 0/0 | 4/0 | 5(5)/0 | | | |
| 4 | 5/2 | 6/1 | 9/2 | 14/2 | | | |
| Reviewer | — | — | — | | | | |
| Date | 5/14/21 | 5/14/21 | 5/14/21 | 5/14/21 | | | |

EVIDENCE DISPOSITION:
☑ PROPERTY CLERK FOR STORAGE 60000 31683
☑ EVIDENCE CONTROL SECTION FOR TRIAGE BY THE OCME LIAISON UNIT 60000 31680
☑ OTHER 4000 802 754 - To ECS pending further analysis by FAS

| CRIM III | Tiffany Garcia | *Tiffany Garcia* |
|---|---|---|
| RANK/TITLE | NAME | SIGNATURE/INITIAL |

PAGE 1 OF 5



NEW YORK CITY POLICE DEPARTMENT
POLICE LABORATORY
CRIMINALISTICS SECTION

LABORATORY #    2021-014626
COMPLAINT #    2021-010-00679
INVOICE #    4000802754

CRIMINALISTICS WORKSHEET

6000031680
Item #1.1: (1) swab from edges of trigger guard + textured areas of trigger
Item #1.2: (1) swab from textured areas of grip
Item #1.3: (1) swab from edges/textured areas of slide, slide lock, safety, sights, magazine release, hammer, + magazine well
Item #4.1: (1) swab from edges of magazine
6000031683
Item #1.5: (1) gel lift c̄ possible hair collected from firearm slide

TAG1: on firearm slide, Item #1                    (Vis)
TAG2-TAG3: on body of magazine, Item #4           (Vis)

TAG1: no longer of value, Item #1                 (ALS)
TAG2: no longer of value, Item # 4                (ALS)
TAG3: no improvement, Item # 4                    (ALS)

TAG 1A: improvement w/ CA, Item #1                (CA)
TAG2A-TAG3A: improvement w/ CA, Item #4           (CA)

TAG 1B: improvement w/ MBD, Item #1               (CA-MBD)
TAG2B-TAG3B: improvement w/ MBD, Item #4          (CA-MBD)

5/17/21
ADAMS

CRIM III
RANK/TITLE

Tiffany Garcia
NAME

Tiffany Garcia
SIGNATURE/INITIAL

PAGE 2 OF __

CRIM Form 308 (Revision # 1, Date Effective: 07/03/2019, Page 1 of 1, Issuing Authority: Director/Deputy Director)



# NEW YORK CITY POLICE DEPARTMENT
## POLICE LABORATORY
### CRIMINALISTICS SECTION

## LATENT PRINT DEVELOPMENT SEQUENCE WORKSHEET

LABORATORY # 2021-014626
COMPLAINT # 2021-010-00679
INVOICE # 4000802754

| EQUIPMENT #<br>TEST PRINT ▶<br>WAVELENGTH λ (nm)<br>REAGENT LOT # ▶<br>ITEM # ▶ | NOT ANALYZED | VISUAL | ALTERNATE LIGHT SOURCE | LASER | CYANOACRYLATE | ARDROX / RAM/R6G/MBD | DFO | NINHYDRIN | 1,2-IND | PHYSICAL DEVELOPER | AMIDO BLACK/ACID YELLOW/PHLOXINE B | NON-FLUORESCENT POWDER | FLUORESCENT POWDER | HPS | GENTIAN VIOLET | OTHER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ITEM # ▶ | | | | | | | | | | | | | | | | |
| 1 | | 1+ | 2- | | ⌿ — 1Z | 3+ | 4+ | | | | | | | | | |
| 3 | | 1- | 2- | | | 3- | 4- | | | | | | | | | |
| 3 | | 1- | 2- 343-570 | | | 3- | 4- | | | | | | | | | |
| 4 | | 1+ | 2+ 350-187 | | | 3+ | 4+ | | | | | | | | | |
| REAGENT LOT # ▶ | N/A | N/A | N/A | N/A | □NEG □POS | □NEG □POS | □NEG □POS | □NEG □POS | □NEG □POS | □NEG □POS | □NEG □POS | □NEG □POS | □NEG □POS | □NEG □POS | □NEG □POS |

445-570
Cro
445-510

ADDITIONAL TEST PRINT RESULTS:
☐ CONFIRMATION BY: _____

*REAGENT: _____
REAGENT LOT #: _____
EQUIPMENT #: _____
TEMP WITHIN RANGE ☐   RH WITHIN RANGE ☐
DATE: _____

**REAGENT: _____
REAGENT LOT #: _____
EQUIPMENT #: _____
TEMP WITHIN RANGE ☐
☐ NEG ☐ POS

TEMP WITHIN RANGE ☐
TEMP & RH WITHIN RANGE ☐
TEMP & RH WITHIN RANGE ☐

***REAGENT: _____
REAGENT LOT #: _____
EQUIPMENT #: _____
TEMP WITHIN RANGE ☐   RH WITHIN RANGE ☐
DATE: _____

RH WITHIN RANGE ☐
DATE: _____

☐ FINAL REVIEW BY: _____   DATE: 5/14/21

☑ PHOTO REVIEW BY: _____   DATE: 5/8/21

PHOTOGRAPHS: 2021-014626-4
OP: 3   EP: 0   PRINTS: 24

+ Indicates latent prints potentially of value
— Indicates no latent prints potentially of value

DATE: _____

Tiffany Garcia
NAME

CRIM III
RANK/TITLE

_____
SIGNATURE/INITIAL

 New York City Police Department
Police Laboratory

## CASE CONFERRAL SHEET

Laboratory #: <u>2021-014626</u>  Invoice #: <u>4000802754</u>          Lab Member Conferring:  <u>**Taylor Szczepaniak**</u>

Date: <u>3/16/21</u>      Time:    <u>6:38 am hrs.</u>          Phone #  <u>n/a</u>

Conferred with Name:  <u>n/a</u>          Agency/Command:  <u>NYPD Police Lab</u>

**Reason for Conferral:**

<u>Upon review, changed O6 to O7N Investigation, NIBIN eligible, level 1. Move to classification O7 cabinet.</u>

<u>Search warrant</u>

☐ **Attempted to Contact**    Message Left    ☐ **Yes**  ☒ **No**  _____    Follow-Up Required    ☐ **Yes**

Left message with

Page __4__ of __

* Note: This is not an official report and is for informational purposes only. Any specific questions should be directed to the Analyst that conducted the analysis.

New York City Police Department
Police Laboratory

## CASE CONFERRAL SHEET

Laboratory #: __2021-014626__ Invoice #: __4000802754__        Lab Member Conferring: __Vanessa Martinez__

Date: __5/12/21__    Time:   __10:14 am hrs.__                Phone #  __email__

Conferred with Name:   __Danielle Kudla__                Agency/Command:   __US Attorney's Office__

**Reason for Conferral:**

From: Kudla, Danielle (USANYS) <DKudla@usa.doj.gov>
Sent: Wednesday, May 12, 2021 10:14 AM
To: vanessa.martinez@nypd.org
Cc: Li, Alexander (USANYS) <ALi@usa.doj.gov>
Subject: Voucher #: 4000802754 - Expedited Testing

Vanessa,

Thank you very much for your prompt response this morning regarding the testing of the firearm listed in NYPD Voucher #: 4000802754.  This firearm was recovered pursuant to a search warrant in an office location—not on a person.

The indictment for the case is attached.  You will see that Count 3 is a firearm charge, which pertains to the firearm in evidence.  We have a June 4, 2021 discovery deadline.  If possible, we would like to have the results of the tests below returned before that date.  We understand this may be an issue for DNA testing.  Just keep us posted.  I have copied my colleague Alexander Li on this email.  We are working the case together.  You can reach out to either one of us at any time with any questions.

The tests that we would like conducted are as follows:
- Operability
- Latent Prints
- DNA if possible

Thank you for your assistance.  Please let us know if you need any additional information.


Danielle M. Kudla
Assistant United States Attorney
Southern District of New York
1 St. Andrew's Plaza
212-637-2304 (o)
347-387-5408 (c)
Danielle.Kudla@usdoj.gov

☐ **Attempted to Contact**    Message Left    ☐ Yes  ☒ No    _____    Follow-Up Required    ☐ Yes

Left message with

Page 5 of 5



**NYPD PETS** PROPERTY and EVIDENCE
TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)

Invoice No. **4000802754**

| Invoicing Command | | Invoice Status |
|---|---|---|
| **105TH PCT.** | | **OPEN** |

| Invoice Date | Property Type | Property Category |
|---|---|---|
| **03/12/2021** | **FIREARM** | **FOUND PROPERTY** |

| Officers | Rank | Name | Tax No. | Command | | |
|---|---|---|---|---|---|---|
| Invoicing | DT3 | SARRICA, FRANK | 924463 | DRG ENT STK FRC | OCME. EU No. | |
| Arresting | N/A | | | | OCME. FB No. | |
| Investigating | DT2 | ZUCCARO, BRYAN | 931484 | DRG ENT STK FRC | Police Lab Evid. Ctrl. No. | |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No. | N/A |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. | N/A |

| Item | Total QTY | Article(s) | Cash | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|---|
| 1 | 1 | PISTOL<br>MAKE: ARMSCO MODEL: M1911-A1FS CALIBER: .45<br>FIREARM COLOR: CHROME/STAINLESS STEEL<br>SERIAL NO. EXISTS: YES SERIAL NO.: R1A1655211<br>LICENSE ACTIVE: NO | 0.00 | 1204296904 | 1 | |
| 2 | 1 | CARTRIDGE<br>CALIBER: .45<br>ROUND RECOVERED FROM CHAMBER PLACED IN<br>ZIPLOCK BAG | 0.00 | 1204296904 | 1 | |
| 3 | 6 | CARTRIDGE<br>CALIBER: .45<br>RECOVERED FROM MAGAZINE AND PLACED IN<br>ZIPLOCK BAG | 0.00 | 1204296904 | 6 | |
| 4 | 1 | MAGAZINE<br>REMOVED FROM FIREARM | 0.00 | 1204296904 | 1 | |
| | | Total Cash Value | 0.00 | | | |

**REMARKS:**
924463 03/12/2021 21:09 : ABOVE IS A COMPLETE LIST OF ALL PROPERTY VOUCHERED AS FOUND PROPERTY PURSUANT TO SEARCH
WARRANT CONDUCTED ON 3/12/2021 BY DET ZUCCAR O OF DESF

358508 05/14/2021 15:46 : CHILD EVIDENCE (DNA SWAB) IS LISTED ON INVOICE #6000031680.
CHILD EVIDENCE (GEL LIFT) IS LISTED ON INVOICE #6000031683.

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | Receipt |
|---|---|---|---|---|
| 03/12/2021 | 26503/CRIM POSS WEAPON | FELONY | MOS COMPL./VICTIM. | ACCEPTED |

| Prisoner(s) Name | D.O.B | Age | Address | Arrest No./Summons No.  NYSID No. |
|---|---|---|---|---|

| | Name | Tax No. | Address | Phone. No |
|---|---|---|---|---|
| Finder(s) | ZUCCARO, BRYAN | 931484 | 1 POLICE PLAZA  NEW YORK, NY  10038. | |
| Owner(s) | UNKNOWN | | | |

2021-014626 Q



Invoice No. **4000802754**

**Property Clerk Copy**
printed: 05/14/2021 15:46

PCD Storage No. --

Page No. 1 of 2



NYPD**PETS** **PROPERTY and EVIDENCE TRACKING SYSTEM**
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No. **4000802754**

| | Name | Tax No. | Address | | Phone. No |
|---|---|---|---|---|---|
| Complainant(s) | **PSNY** | | | | |

| | | |
|---|---|---|
| Complaint No. | **2021-010-00679** | |
| Related Comp No.(s) | **N/A** | |
| Aided/Accident No.(s) | **N/A** | |
| Related Invoice(s) | **N/A** | |

| Approvals | Rank | Name | Tax No. | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | DT3 | SARRICA, FRANK | 924463 | DRG ENT STK FRC | 03/12/2021 | 20:26 |
| Invoicing Officer | DT3 | SARRICA, FRANK | 924463 | DRG ENT STK FRC | 03/12/2021 | 21:10 |
| Approved By | SGT | BOYLAN, RYAN | 946801 | DRG ENT STK FRC | 03/12/2021 | 21:18 |

Invoice No. **4000802754**

2021-0146246

PCD Storage No. **--**

**Property Clerk Copy**
printed: 05/14/2021 15:46

Page No. 2 of 2

 **REQUEST FOR LABORATORY EXAMINATION REPORT**
PD 521-165(Rev.01-09)


RFL# 9 9 0 0 0 4 2 0 9 5 6

| Type Of Evidence | FIREARMS/ FIREARMS RELATED | | | | | |
|---|---|---|---|---|---|---|

| Priority Designation | Property Clerk Invoice No. | Date Of Invoice | Date Of This Report | Detective Case No. |
|---|---|---|---|---|
| PRIORITY | 4000802754 | 03/12/2021 | 03/12/2021 | |

| Officers | Rank | Name | Tax No. | Command | Phone No | Team/RDO | Email ID |
|---|---|---|---|---|---|---|---|
| Investigating | DT2 | ZUCCARO,BRYAN | 931484 | DRG ENT STK FRC | | | |
| Responding Officer | | N/A | | | | | |
| Arresting | DT2 | ZUCCARO,BRYAN | 931484 | DRG ENT STK FRC | | | |
| Detective Supervisor | | N/A | | | | | |
| Evidence Collector | DT2 | ZUCCARO,BRYAN | 931484 | DRG ENT STK FRC | | | |
| Medical Examiner No | N/A | | | | | | |
| Offense(s) | | CRIM POSS WEAPON | | | | | |

| Complainant/Victim | D.O.B. | Date/Time Of Occurrence | Complaint No. | Address Of Occurrence | Type Of Premises |
|---|---|---|---|---|---|
| PSNY,PSNY | | 03/12/2021 17:30 | | 99,10 AVENUE,MANHATTAN,NY,US | COMMERCIAL BUILDING |

| CSU/ECT Run No. | No. Of Persons Arrested | No. Of Suspects |
|---|---|---|
| | 0 | 0 |

| Name | D.O.B | Arrest No. | Precinct | NYSID No. |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

### Physical Contact

| Was There Physical Contact Between VICTIM And SUSPECT? | UNKNO | Was There Physical Contact Between VICTIM And ARRESTEE ? | UNKNOWN | | |
|---|---|---|---|---|---|
| Was The Victim Bleeding : | NO | How Many : | 0 | Was The Suspect Bleeding : | NO | How Many 0 |
| Was The Arrestee Bleeding : | NO | How Many : | 0 | Others Bleeding : | NO | How Many : 0 |

| Name | D.O.B. | Bleeding |
|---|---|---|
| N/A | N/A | N/A |

Did the victim have consensual sexual contact with one (1) or more sexual partners within ninety-six (96) hours of the time of the assault?

| Name | D.O.B | DNA Exemplar Provided |
|---|---|---|
| N/A | N/A | N/A |
| If DNA Exemplar not provided, explain | N/A | |

### DNA ELIMINATION SAMPLES

| No. Of persons Having Legitimate Access To Evidence, including Victims | 0 | No. Of Persons Provided Elimination Samples, including Victims | 0 | No. Of persons Refused To Provide DNA Samples, including Victims | 0 |
|---|---|---|---|---|---|

Explanation If DNA Elimination/Victim Samples Were Not Collected

Property Clerk
Invoice Item Number

| 1 |
|---|

| Description of Evidence | FIREARM |HANDGUN |PISTOL |MAKE:ARMSCO |MODEL:M1911-A1FS |CALIBER:.45 |FIREARM COLOR:CHROME/STAINLESS STEEL |SERIAL NO. EXISTS:YES |SERIAL NO.:R1A1655211 |LICENSE ACTIVE:NO |NYSPIN ALARM:NO | |
|---|---|

| Analysis Exam No. | | Specific Reason For Requesting The Examination Analysis Or Comparison Be Performed | Probative Value |
|---|---|---|---|

| FOR LABORATORY USE ONLY | OCME-EU No : | Police Laboratory No :<br>2021-014676 Q |
|---|---|---|

Page No.:1 of 4


**Lab Copy**
Printed: 03/12/2021 21:20


RFL# 9 9 0 0 0 4 2 0 9 5 6

**REQUEST FOR LABORATORY
EXAMINATION REPORT
PD 521-165(Rev.01-09)**

RFL# 9 9 0 0 0 4 2 0 9 5 6

**1-FIREARMS/AMMUNITION -
OPERABILITY,2-FIREARMS - TRIGGER PULL
TEST,3-FIREARMS - SERIAL NUMBER
RESTORATION,5-AMMUNITION-COMPARISON TO
IDENTIFY FIREARM THROUGH WHICH THE
AMMUNITION WAS "CYCLED"**

FUNCTION AND OPERABILITY

| Exact Location Where Evidence Was Collected/Recovered | Suspected Type Of Biological Evidence | Biological Bag No. |
|---|---|---|

PURSUANT TO SEARCH WARRANT CONDUCTED ON
3/12/2021 OFFICE SPACE OF LOCATION

Field Processed?

Compare this item no. **1** to Inv. No.- Item :

Was DNA Evidence collected from a residential home/apartment owned/leased by any of the suspects/arrestees?   **NO**

Suspect/Arrestee : **N/A**

Was DNA Evidence collected from a motor vehicle owned/leased by the suspects/arrestees?   **NO**

Suspect/Arrestee : **N/A**  Year :   Make : Model :   Color:

Property Clerk

Invoice Item Number

**2**

| Description of Evidence | **FIREARM |AMMUNITION  |CARTRIDGE |CALIBER:.45 |NYSPIN ALARM:NO | ROUND RECOVERED FROM CHAMBER PLACED IN ZIPLOCK BAG** |
|---|---|

| Analysis Exam No. | Specific Reason For Requesting The Examination Analysis Or Comparison Be Performed | Probative Value |
|---|---|---|

**1-FIREARMS/AMMUNITION -
OPERABILITY,5-AMMUNITION-COMPARISON TO
IDENTIFY FIREARM THROUGH WHICH THE
AMMUNITION WAS "CYCLED",6-BALLISTICS -
MICROSCOPIC COMPARISON TO A KNOWN "TEST
FIRE" OR TO CRIME SCENE BALLISTICS EVIDENCE**

FUNCTION AND OPERABILITY

| Exact Location Where Evidence Was Collected/Recovered | Suspected Type Of Biological Evidence | Biological Bag No. |
|---|---|---|

Field Processed?

Compare this item no. **2** to Inv. No.-Item :

Was DNA Evidence collected from a residential home/apartment owned/leased by any of the suspects/arrestees?   **NO**

Suspect/Arrestee : **N/A**

Was DNA Evidence collected from a motor vehicle owned/leased by the suspects/arrestees?   **NO**

Suspect/Arrestee : **N/A**  Year : Make :   Model :   Color:

Property Clerk

Invoice Item Number

**3**

| Description of Evidence | **FIREARM |AMMUNITION  |CARTRIDGE |CALIBER:.45 |NYSPIN ALARM:NO | RECOVERED FROM MAGAZINE AND PLACED IN ZIPLOCK BAG** |
|---|---|

| Analysis Exam No. | Specific Reason For Requesting The Examination Analysis Or Comparison Be Performed | Probative Value |
|---|---|---|



2021-014626

**Lab Copy**
Printed: 03/12/2021 21:20

RFL# 9 9 0 0 0 4 2 0 9 5 6

**REQUEST FOR LABORATORY
EXAMINATION REPORT
PD 521-165(Rev.01-09)**

RFL# 99000420956

5-AMMUNITION-COMPARISON TO IDENTIFY       FUNCTION AND OPERABILITY
FIREARM THROUGH WHICH THE AMMUNITION
WAS "CYCLED",6-BALLISTICS - MICROSCOPIC
COMPARISON TO A KNOWN "TEST FIRE" OR TO
CRIME SCENE BALLISTICS EVIDENCE

| Exact Location Where Evidence Was Collected/Recovered | Suspected Type Of Biological Evidence | Biological Bag No. |
|---|---|---|

Field Processed?

Compare this item no. 3 to Inv. No.- Item :

Was DNA Evidence collected from a residential home/apartment owned/leased by any of the suspects/arrestees?   NO

Suspect/Arrestee : **N/A**

Was DNA Evidence collected from a motor vehicle owned/leased by the suspects/arrestees?   NO

Suspect/Arrestee : **N/A**  Year :  Make :  Model :  Color:

Property Clerk

Invoice Item Number

**4**

Description of Evidence    **FIREARM |PART & ACCESSORY  |MAGAZINE |NYSPIN ALARM:NO | REMOVED FROM FIREARM**

| Analysis Exam No. | Specific Reason For Requesting The Examination Analysis Or Comparison Be Performed | Probative Value |
|---|---|---|

**1-FIREARMS/AMMUNITION - OPERABILITY**       **FUNCTION AND OPERABILITY**

| Exact Location Where Evidence Was Collected/Recovered | Suspected Type Of Biological Evidence | Biological Bag No. |
|---|---|---|

Field Processed?

Compare this item no. 4 to Inv. No.-Item :

Was DNA Evidence collected from a residential home/apartment owned/leased by any of the suspects/arrestees?   NO

Suspect/Arrestee : **N/A**

Was DNA Evidence collected from a motor vehicle owned/leased by the suspects/arrestees?   NO

Suspect/Arrestee : **N/A**  Year : Make :  Model :  Color:

| Details |
|---|

924463 03/12/2021 21:05 :      ABOVE FIREARM WAS RECOVERED PURSUANT TO SEARCH WARRANT CONDUCTED ON 3/12/2021.
                              LAB REQUEST FOR FUNCTION AND OPERABILITY .

946801 03/12/2021 21:18 :

Note : Acceptance of this request by the laboratory does not constitute a contract to provide services. Requests for testing will fulfilled based
resources, the need to meet investigative and / or legal requirements and laboratory policy.

202-01462 ᵃ

**Lab Copy**
Printed: 03/12/2021 21:20


RFL# 99000420956

**REQUEST FOR LABORATORY
EXAMINATION REPORT**
PD 521-165(Rev.01-09)

RFL# 9 9 0 0 0 4 2 0 9 5 6

| Officers | Rank | Name | Tax No. | Command | Date |
|---|---|---|---|---|---|
| Report Prepared by | DT3 | SARRICA,FRANK | 924463 | DRG ENT STK FRC | 03/12/2021 |
| Supervisor | SGT | BOYLAN,RYAN | 946801 | DRG ENT STK FRC | 03/12/2021 |



**Lab Copy**
Printed: 03/12/2021 21:20

RFL# 9 9 0 0 0 4 2 0 9 5 6



NYPD**PETS** **PROPERTY and EVIDENCE TRACKING SYSTEM**
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)

Invoice No. **6000031680**

| Invoicing Command | | | | | Invoice Status |
|---|---|---|---|---|---|
| **POLICE LAB** | | | | | **OPEN** |

| Invoice Date | Property Type | | | | Property Category |
|---|---|---|---|---|---|
| **05/14/2021** | **EVIDENCE COLLECTION KITS / SWABS** | | | | **DNA INVESTIGATORY** |

| Officers | Rank | Name | Tax No. | Command | |
|---|---|---|---|---|---|
| Invoicing | CRM | GARCIA, TIFFANY | 358508 | POLICE LAB | OCME. EU No. |
| Arresting | N/A | | | | OCME. FB No. |
| Investigating | DT2 | ZUCCARO, BRYAN | 931484 | DRG ENT STK FRC | Police Lab Evid. Ctrl. No.  2021-014626 |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No.  N/A |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No.  N/A |

| Item | Total QTY | Article(s) | | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|---|
| 1 | 1 | SWAB | | 1500328456 | 1 | |
| | | SUBSTRATE: **FIREARM** | | | | |
| | | LAB ITEM #1.1: FROM EDGES OF TRIGGER | | | | |
| | | GUARD AND TEXTURED AREAS OF TRIGGER | | | | |
| 2 | 1 | SWAB | | 1500328457 | 1 | |
| | | SUBSTRATE: FIREARM | | | | |
| | | LAB ITEM #1.2: FROM TEXTURED AREAS OF GRIP | | | | |
| 3 | 1 | SWAB | | 1500328458 | 1 | |
| | | SUBSTRATE: **FIREARM** | | | | |
| | | LAB ITEM #1.3: FROM EDGES/TEXTURED AREAS | | | | |
| | | OF SLIDE,SLIDE LOCK,SAFETY,SIGHTS, HAMMER, | | | | |
| | | MAG RELEASE&WELL | | | | |
| 4 | 1 | SWAB | | 1500328459 | 1 | |
| | | SUBSTRATE: MAGAZINE FROM FIREARM | | | | |
| | | LAB ITEM #4.1: SWAB FROM EDGES OF MAGAZINE | | | | |

**REMARKS:**
358508 05/14/2021 11:46 :  THE ABOVE ITEM(S) WERE GENERATED FROM ORIGINAL INVOICED PROPERTY #4000802754. (ORIGINAL INVOICE ITEM(S) #1-4 IS/ARE LABORATORY ITEM( S) #1-4.)

358508 05/14/2021 16:35 :  .

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | Receipt |
|---|---|---|---|---|
| 03/12/2021 | 26503/CRIM POSS WEAPON | FELONY | MOS COMPL./VICTIM. | ACCEPTED |

| Prisoner(s) Name | D.O.B | Age | Address | Arrest No./Summons No.  NYSID No. |
|---|---|---|---|---|

| | Name | Tax No. | Address | Phone. No |
|---|---|---|---|---|
| Finder(s) | GARCIA, TIFFANY | | | |
| Owner(s) | UNKNOWN | | | |



Invoice No. **6000031680**

PCD Storage No. **--**

**Property Clerk Copy**
printed: 05/14/2021 16:44

Page No. 1 of 2



NYPD **PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)

Invoice No. **6000031680**

| | Name | Tax No. | Address | | Phone. No |
|---|---|---|---|---|---|
| Complainant(s) | **PSNY** | | | | |

| | | |
|---|---|---|
| Complaint No. | **2021-010-00679** | |
| Related Comp No.(s) | **N/A** | |
| Aided/Accident No.(s) | **N/A** | |
| Related Invoice(s) | **4000802754** | |

| Approvals | Rank | Name | Tax No. | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | **CRM** | **GARCIA, TIFFANY** | **358508** | **POLICE LAB** | **05/14/2021** | **11:25** |
| Invoicing Officer | **CRM** | **GARCIA, TIFFANY** | **358508** | **POLICE LAB** | **05/14/2021** | **11:25** |
| Approved By | **CRM** | **VALETUTTI, MICHAEL** | **355514** | **POLICE LAB** | **05/14/2021** | **12:17** |

2021-014674 C



Invoice No. **6000031680**

PCD Storage No. **--**

**Property Clerk Copy**
printed: 05/14/2021 16:44

Page No. 2 of 2



**REQUEST FOR LABORATORY
EXAMINATION REPORT
PD 521-165(Rev.01-09)**



RFL# 99000429905

| Type Of Evidence | DNA |
|---|---|

| Priority Designation | Property Clerk Invoice No. | Date Of Invoice | Date Of This Report | Detective Case No. |
|---|---|---|---|---|
| PRIORITY | 6000031680 | 05/14/2021 | 05/14/2021 | |

| Officers | Rank | Name | Tax No. | Command | Phone No | Team/RDO | Email ID |
|---|---|---|---|---|---|---|---|
| Investigating | DT2 | ZUCCARO,BRYAN | 931484 | DRG ENT STK FRC | | | |
| Responding Officer | | N/A | | | | | |
| Arresting | | N/A | | | | | |
| Detective Supervisor | | N/A | | | | | |
| Evidence Collector | CRM | GARCIA,TIFFANY | 358508 | POLICE LAB | | | |
| Medical Examiner No | | N/A | | | | | |
| Offense(s) | | CRIM POSS WEAPON | | | | | |

| Complainant/Victim | D.O.B. | Date/Time Of Occurrence | Complaint No. | Address Of Occurrence | Type Of Premises |
|---|---|---|---|---|---|
| PSNY,PSNY | | 03/12/2021 17:30 | 2021-010-00679 | 99,10 AVENUE,MANHATTAN,NY,US | COMMERCIAL BUILDING |

| CSU/ECT Run No. | No. Of Persons Arrested | No. Of Suspects |
|---|---|---|
| | 0 | 0 |

| Name | D.O.B | Arrest No. | Precinct | NYSID No. |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

### Physical Contact

| Was There Physical Contact Between VICTIM And SUSPECT? | | Was There Physical Contact Between VICTIM And ARRESTEE ? | NO | |
|---|---|---|---|---|
| Was The Victim Bleeding : | NO | How Many : | 0 | Was The Suspect Bleeding : | NO | How Many : | 0 |
| Was The Arrestee Bleeding : | NO | How Many : | 0 | Others Bleeding : | NO | How Many : | 0 |

| Name | D.O.B. | Bleeding |
|---|---|---|
| N/A | N/A | N/A |

Did the victim have consensual sexual contact with one (1) or more sexua l partners within ninety-six (96) hours of the time of the assault?

| Name | D.O.B. | DNA Exemplar Provided |
|---|---|---|
| N/A | N/A | N/A |

If DNA Exemplar not provided, explain    N/A

### DNA ELIMININATION SAMPLES

| No. Of persons Having Legitimate Access To Evidence, including Victims | 0 | No. Of Persons Provided Elimination Samples, including Victims | 0 | No. Of persons Refused To Provide DNA Samples, including Victims | 0 |
|---|---|---|---|---|---|

Explanation If DNA Elimination/Victim Samples Were Not Collected

Property Clerk

Invoice Item Number

1

| Description of Evidence | EVIDENCE COLLECTION KITS / SWABS |OTHER KITS / SWABS  |SWAB |SUBSTRATE:FIREARM | LAB ITEM #1.1: FROM EDGES OF TRIGGER GUARD AND TEXTURED AREAS OF TRIGGER |
|---|---|

| Analysis Exam No. | Specific Reason For Requesting The Examination Analysis Or Comparison Be Performed | Probative Value |
|---|---|---|

| FOR LABORATORY USE ONLY | OCME-EU No : | Police Laboratory No : 2021-014626 |
|---|---|---|



Lab Copy
Printed: 05/14/2021 16:43



RFL# 99000429905



**REQUEST FOR LABORATORY**
**EXAMINATION REPORT**
**PD 521-165(Rev.01-09)**

RFL# 9 9 0 0 0 4 2 9 9 0 5

| 7-DNA - ANALYSIS TO IDENTIFY THE SOURCE OF THE BIOLOGICAL MATERIAL ON AN EVIDENCE ITEM OR DNA TYPING OF A REFERENCE SAMPLE | DNA ANALYSIS | PROBATIVE |
|---|---|---|

| Exact Location Where Evidence Was Collected/Recovered | Suspected Type Of Biological Evidence | Biological Bag No. |
|---|---|---|
| FROM EDGES OF TRIGGER GUARD AND TEXTURED AREAS OF TRIGGER | SKIN CELLS | 1500328456 |

Field Processed?    **ITEM NOT PROCESSED IN THE FIELD**

Compare this item no. 1 to Inv. No.- Item :

Was DNA Evidence collected from a residential home/apartment owned/leased by any of the suspects/arrestees?   NO

Suspect/Arrestee : **N/A**

Was DNA Evidence collected from a motor vehicle owned/leased by the suspects/arrestees?   NO

Suspect/Arrestee : **N/A**  Year :  Make :  Model :   Color:

Property Clerk

Invoice Item Number

**2**

| Description of Evidence | EVIDENCE COLLECTION KITS / SWABS |OTHER KITS / SWABS  |SWAB |SUBSTRATE:FIREARM | LAB ITEM #1.2: FROM TEXTURED AREAS OF GRIP |
|---|---|

| Analysis Exam No. | Specific Reason For Requesting The Examination Analysis Or Comparison Be Performed | Probative Value |
|---|---|---|

| 7-DNA - ANALYSIS TO IDENTIFY THE SOURCE OF THE BIOLOGICAL MATERIAL ON AN EVIDENCE ITEM OR DNA TYPING OF A REFERENCE SAMPLE | DNA ANALYSIS | PROBATIVE |
|---|---|---|

| Exact Location Where Evidence Was Collected/Recovered | Suspected Type Of Biological Evidence | Biological Bag No. |
|---|---|---|
| FROM TEXTURED AREAS OF GRIP | SKIN CELLS | 1500328457 |

Field Processed?    **ITEM NOT PROCESSED IN THE FIELD**

Compare this item no. 2  to Inv. No.-Item :

Was DNA Evidence collected from a residential home/apartment owned/leased by any of the suspects/arrestees?   NO

Suspect/Arrestee : **N/A**

Was DNA Evidence collected from a motor vehicle owned/leased by the suspects/arrestees?   NO

Suspect/Arrestee : **N/A**  Year : Make :  Model :   Color:

Property Clerk

Invoice Item Number

**3**

| Description of Evidence | EVIDENCE COLLECTION KITS / SWABS |OTHER KITS / SWABS  |SWAB |SUBSTRATE:FIREARM | LAB ITEM #1.3: FROM EDGES/TEXTURED AREAS OF SLIDE,SLIDE LOCK,SAFETY,SIGHTS, HAMMER, MAG RELEASE&WELL |
|---|---|

| Analysis Exam No. | Specific Reason For Requesting The Examination Analysis Or Comparison Be Performed | Probative Value |
|---|---|---|

| 7-DNA - ANALYSIS TO IDENTIFY THE SOURCE OF THE BIOLOGICAL MATERIAL ON AN EVIDENCE ITEM OR DNA TYPING OF A REFERENCE SAMPLE | DNA ANALYSIS | PROBATIVE |
|---|---|---|

| Exact Location Where Evidence Was Collected/Recovered | Suspected Type Of Biological Evidence | Biological Bag No. |
|---|---|---|
| FROM EDGES/TEXTURED AREAS OF SLIDE, SLIDE | SKIN CELLS | 1500328458 |

2021-014626 2

**Lab Copy**
Printed: 05/14/2021 16:43



RFL# 9 9 0 0 0 4 2 9 9 0 5



**REQUEST FOR LABORATORY
EXAMINATION REPORT
PD 521-165(Rev.01-09)**

RFL# 9 9 0 0 0 4 2 9 9 0 5

**LOCK, SAFETY, SIGHTS, HAMMER, MAG RELEASE
&WELL**

Field Processed?

Compare this item no. **3** to Inv. No.- Item :

Was DNA Evidence collected from a residential home/apartment owned/leased by any of the suspects/arrestees?    **NO**

Suspect/Arrestee : **N/A**

Was DNA Evidence collected from a motor vehicle owned/leased by the suspects/arrestees?    **NO**

Suspect/Arrestee : **N/A**  Year :  Make :  Model :  Color:

Property Clerk

Invoice Item Number

**4**

Description of Evidence    **EVIDENCE COLLECTION KITS / SWABS |OTHER KITS / SWABS  |SWAB |SUBSTRATE:MAGAZINE FROM FIREARM | LAB
ITEM #4.1: SWAB FROM EDGES OF MAGAZINE**

| Analysis Exam No. | Specific Reason For Requesting The Examination Analysis Or Comparison Be Performed | Probative Value |
|---|---|---|
| **7-DNA - ANALYSIS TO IDENTIFY THE SOURCE OF THE BIOLOGICAL MATERIAL ON AN EVIDENCE ITEM OR DNA TYPING OF A REFERENCE SAMPLE** | **DNA ANALYSIS** | **PROBATIVE** |
| Exact Location Where Evidence Was Collected/Recovered | Suspected Type Of Biological Evidence | Biological Bag No. |
| **SWAB FROM EDGES OF MAGAZINE** | **SKIN CELLS** | **1500328459** |

Field Processed?    **ITEM NOT PROCESSED IN THE FIELD**

Compare this item no. **4** to Inv. No.-Item :

Was DNA Evidence collected from a residential home/apartment owned/leased by any of the suspects/arrestees?    **NO**

Suspect/Arrestee : **N/A**

Was DNA Evidence collected from a motor vehicle owned/leased by the suspects/arrestees?    **NO**

Suspect/Arrestee : **N/A** Year :  Make :  Model :  Color:

---

**Details**

---

358508 05/14/2021 16:37 :       DNA ANALYSIS REQUEST: BIO/TRACE EVIDENCE FROM ORIGINAL INVOICE #4000802754 IS
BEING SUBMITTED. (ORIGINAL INVOICE ITEM(S) #1-4 IS/ARE   LABORATORY ITEM(S)
#1-4.) THE COLLECTION OF THIS EVIDENCE WAS DONE PRIOR TO ANALYSIS BY LPDU.
ORIGINAL SUBSTRATE IS NOT BEING SU B MITTED AFTER ANALYSIS BY LPDU.

358508 05/14/2021 16:43 :

---

Note : Acceptance of this request by the laboratory does not constitute a contract to provide services. Requests for testing will fulfilled based
resources, the need to meet investigative and / or legal requirements and laboratory policy.

2021-014646 C



**Lab Copy**
Printed: 05/14/2021 16:43



RFL# 9 9 0 0 0 4 2 9 9 0 5



**REQUEST FOR LABORATORY**
**EXAMINATION REPORT**
**PD 521-165(Rev.01-09)**



RFL# 9 9 0 0 0 4 2 9 9 0 5

| Officers | Rank | Name | Tax No. | Command | Date |
|---|---|---|---|---|---|
| Report Prepared by | CRM | GARCIA,TIFFANY | 358508 | POLICE LAB | 05/14/2021 |
| Supervisor | CRM | HUEMMER,CRAIG | 352530 | POLICE LAB | 05/14/2021 |

2021-014626

**Lab Copy**
Printed: 05/14/2021 16:43



RFL# 9 9 0 0 0 4 2 9 9 0 5



**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)

Invoice No. **6000031683**

| Invoicing Command | Invoice Status |
|---|---|
| **POLICE LAB** | **OPEN** |

| Invoice Date | Property Type | Property Category |
|---|---|---|
| **05/14/2021** | **GENERAL PROPERTY** | **INVESTIGATORY** |

| Officers | Rank | Name | Tax No. | Command | | |
|---|---|---|---|---|---|---|
| Invoicing | CRM | GARCIA, TIFFANY | 358508 | POLICE LAB | OCME. EU No. | |
| Arresting | N/A | | | | OCME. FB No. | |
| Investigating | DT2 | ZUCCARO, BRYAN | 931484 | DRG ENT STK FRC | Police Lab Evid. Ctrl. No. | 2021-014626 |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No. | N/A |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. | N/A |

| Item | Total QTY | Article(s) | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|
| 1 | 1 | OTHER | 1500328460 | 1 | |
| | | MAKE: GEL LIFT MODEL: LAB ITEM #1.4 | | | |
| | | COLOR: WHITE | | | |
| | | CONTAINING POSSIBLE HAIR COLLECTED FROM | | | |
| | | FIREARM SLIDE | | | |

**REMARKS:**
   358508 05/14/2021 12:00 :  THE ABOVE ITEM(S) WERE GENERATED FROM ORIGINAL INVOICED PROPERTY #4000802754. (ORIGINAL INVOICE ITEM(S) #1-4 IS/ARE LABORATORY ITEM( S) #1-4.)

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | Receipt |
|---|---|---|---|---|
| 03/12/2021 | 26503/CRIM POSS WEAPON | FELONY | MOS COMPL./VICTIM. | ACCEPTED |

| Prisoner(s) Name | D.O.B | Age | Address | Arrest No./Summons No. | NYSID No. |
|---|---|---|---|---|---|
| | | | | | |

| | Name | Tax No. | Address | Phone. No |
|---|---|---|---|---|
| Finder(s) | GARCIA, TIFFANY | | | |
| Owner(s) | UNKNOWN | | | |
| Complainant(s) | PSNY | | | |

| Complaint No. | 2021-010-00679 |
|---|---|
| Related Comp No.(s) | N/A |
| Aided/Accident No.(s) | N/A |
| Related Invoice(s) | 4000802754 |



Invoice No. **6000031683**

**Property Clerk Copy**
printed: 05/14/2021 15:59

PCD Storage No. ---

Page No. 1 of 2



**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No. **6000031683**

| Approvals | Rank | Name | Tax No. | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | CRM | GARCIA, TIFFANY | 358508 | POLICE LAB | 05/14/2021 | 11:55 |
| Invoicing Officer | CRM | GARCIA, TIFFANY | 358508 | POLICE LAB | 05/14/2021 | 12:01 |
| Approved By | CRM | VALETUTTI, MICHAEL | 355514 | POLICE LAB | 05/14/2021 | 12:18 |

2021-014626



Invoice No. **6000031683**

**Property Clerk Copy**
printed: 05/14/2021 15:59

PCD Storage No. --

Page No. 2 of 2

Complaint# 2021-010-000679

Page 1 of 2

# New York City Police Department
## Omniform System - Complaints

| Report Cmd: 759 | Jurisdiction: N.Y. POLICE DEPT | ICAD#: | Record Status: Ready for Signoff, No Arrest | Complaint #: 2021-010-000679 | No Other Legacy Blue Versions | No Other Complaint Revisions |
|---|---|---|---|---|---|---|

### Occurrence Location: INSIDE OF 99 10 AVENUE

Name Of Premise:

Premises Type: COMMERCIAL BUILDING

Location Within Premise:

Visible By Patrol?: YES

### NYC Parks Dept. Property

Did this offense occur on NYC Parks Dept. Property? NO

Command:

NYC Parks Dept. Property Name:

Precinct: 010
Sector: A
Beat:
Post: 37

### Occurrence From: 2021-03-12 17:30 FRIDAY

Occurrence thru:

Reported: 2021-03-12    20:45

Complaint Received: PICK-UP

Aided #
Accident #
O.C.C.B. #

### Classification: CRIM POSS WEAPON

Attempted/Completed: COMPLETED
Most Serious Offense Is: FELONY
PD Code: 792
PL Section: 26503
Keycode: 118  DANGEROUS WEAPONS

### Case Status: CLOSED

Unit Referred To:
Clearance Code: DETECTIVE ARREST
Log/Case #: 0
Clearance Arrest Id:
Clearance AO Cmd:
File #:
Prints Requested? NO

Confirmed Shots Fired?
NO

Possible Hate Crime ?
NO

| Is This Related To Stop And Frisk Report NO | SQF Number: 0000-000-00000 | Was The Victim's Personal Information Taken Or Possessed? NO | Was The Victim's Personal Information Used To Commit A Crime? NO |
|---|---|---|---|
| Gang Related? NO | Detective Borough Wheel Log #: | Name Of Gang: | Child Abuse Suspected? NO |
| DIR Required? NO | Child in Common? NO | Intimate Relationship? NO | Officer Body Worn Camera: NO |

| If Burglary: | Alarm: | If Arson: | Taxi Robbery: |
|---|---|---|---|
| Forced Entry? | Bypassed? | Structure: | Partition Present: |
| Structure: | Comp Responded?: | Occupied?: | Amber Stress Light Activated: |
| Entry Method: | Company Name/Phone: | Damage by: | Method of Conveyance: |
| Entry Location: | | | Location of Pickup: |
| | Crime Prevention Survey Requested?: | | |
| | Complaint/Reporter Present?: | | |

| Supervisor On Scene - Rank / Name / Command : | Canvas Conducted: | Translator(if used): |
|---|---|---|

NARRATIVE:
AT TPO WHILE EXECUTING A SEARCH WARRANT IN JERSEY CITY, NJ, AS PART OF AN ACTIVE STRIKE FORCE LONG TERM INVESTIGATION, A LOADED APINTL-PAHRUMP .45 CAL FIREARM WAS RECOVERED. FIREARM WAS REMOVED TO DEA HEADQUATERS AND VOUCHERED. CASEIS BEING PROSECUTED BY SDNY.

## No NYC TRANSIT Data for Complaint # 2021-010-000679

Complaint# 2021-010-000679                                                    Page 2 of 2

| Total Victims: 1 | Total Witnesses: 0 | Total Reporters: 0 | Total Wanted: 0 |
|---|---|---|---|

| **VICTIM: # 1 of 1** | | Name: , | Complaint#: **2021-010-000679** |
|---|---|---|---|

| | |
|---|---|
| Nick/AKA/Maiden: | Gang/Crew Affiliation: |
| UMOS: NO | Name: |
| Sex/Type: PSNY | Identifiers: |
| Race: UNKNOWN | |
| Age: 0 | |
| Date Of Birth: UNKNOWN | |
| Disabled? NO | |
| Is this person not Proficient in English?: | Will View Photo: |
| If Yes, Indicate Language: | Will Prosecute: |
| N.Y.C.H.A Resident? | Notified Of Crime Victim Comp. Law: NO |
| Is Victim fearful for their safety / life? | |
| Escalating violence / abuse by suspect? | |
| Were prior DIR's prepared for C/V? | |

| LOCATION ADDRESS CITY STATE/COUNTRY ZIP APT/ROOM |
|---|

| Phone #: HOME: Not Provided/Unavailable CELL: Not Provided/Unavailable BUSINESS:Not Provided/Unavailable BEEPER: Not Provided/Unavailable E-MAIL: Not Provided/Unavailable |
|---|

| Action against Victim: | Actions Of Victim Prior To Incident: N/A |
|---|---|
| Victim Of Similar Incident: | If Yes, When And Where |

| **EVIDENCE:** | | | | | Complaint # 2021-010-000679 | |
|---|---|---|---|---|---|---|
| Evidence Collected?: | Evidence Collection Team/Crime Scene Requested?: | ECT Responded?: | ECT Run#: | Crime Scene Responded?: | | Crime Scene Number: - |
| Evidence              Invoice # LOADED .45 CAL HAND GUN 4000802754 | | | | | | |

| **No IMEI Data for Complaint # 2021-010-000679** |
|---|

| Reporting/Investigating M.O.S. Name: DT3 SARRICA FRANK | Tax #: 924463 | Command: STR FOR | Rep.Agency: NYPD |
|---|---|---|---|
| Supervisor Approving Name: SGT BOYLAN RYAN | Tax #: 946801 | Command: STR FOR | Rep.Agency: NYPD |
| Complaint Report Entered By: SGT BOYLAN | Tax #: 946801 | Command: STR FOR | Rep.Agency: NYPD |
| Signoff Supervisor Name: | Tax #: 000000 | Command: | Rep.Agency: |

| **END OF COMPLAINT REPORT** **# 2021-010-000679** |
|---|

2021-014626

# GINQ - LOST/STOLEN FIREARM INQUIRY

**REQUEST SENT:** 2021-03-12 21:01:16

**RESPONSE RECEIVED:** 2021-03-12 21:01:23

**SER#:** 39211034

GINQ

*************************

GUN INQUIRY NCIC RESPONSE :

NO RECORD INDICATOR : TRUE

SERVICE AGENCY RESPONSE TEXT : 1L01***********

NY03030F1

NO  RECORD  SER/R1A1655211  MAK/ API

OPERATOR: 924463 - RUN: 2021-03-12 21:01:16

---

## REQUEST PARAMETERS

Gun Serial Num    :    R1A1655211

Gun Manuf.        :    API

Gun Caliber       :    45

2021014626 @

**New York City Police Department**
**Police Laboratory – Evidence Control Section**
**Evidence for DNA Triage**

Date: 5/14/21

From:       Section/Unit, <u>LPDU</u>

To:         OCME Liaison Unit, Forensic Investigations Division

Subject:    ☐ **ANALYZED/** ☒ **UNANALYZED EVIDENCE FOR DNA TRIAGE**
            (CHECK ONE)

1.          The following listed invoice should be referred to the OCME Liaison Unit:

Laboratory # <u>2021-014626</u>              Invoice # **6000031680**

*Is there a conferral for this invoice in LIMS?*                    ☒ Yes  ☐ No
*Is there a DNA assignment in LIMS?*                                ☒ Yes
*Is there a Request for Laboratory Examination for DNA analysis?*   ☒ Yes
*Have all of the items on this invoice been returned at this time?* ☒ Yes  ☐ No
Notes:_____

2.          For your **INFORMATION.**

                                        <u>Tiffany Garcia</u>
                                        Analyst's Name              Signature

                                        Date: _____

From:       OCME Liaison Unit, Forensic Investigations Division

To:         Evidence Control Section/Criminalistics Section, Police Laboratory

Subject:    **DNA EVIDENCE TRIAGE**

1.          The undersigned triaged the above case and designates it to be forwarded to:

            ☐ OCME

            ☐ Property Clerk

            ☐ Other (Attach any necessary conferrals)

2.          For your **INFORMATION.**

                        OCME Liaison Unit Member Print          Signature

ECS Form 16 (Revision Number 4, Date Effective 10/05/2020, Page 1 of 1, Issuing Authority: Director/Deputy Director)

**New York City Police Department**
**Police Laboratory – Evidence Control Section**
**Unanalyzed Evidence to Be Sent Out of the Laboratory**

Date: 05/17/2021

Section/Unit: <u>LPDU</u>

The following listed evidence can be sent out of the Police Laboratory as designated:

| Laboratory Number | Invoice Number | Destination (check one) | | |
|---|---|---|---|---|
| | | Property Clerk | OCME | Other |
| 2021-014626 | 6000031683 | X | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Signature

Tiffany Garcia
Print Name

**New York City Police Department**
**Police Laboratory – Criminalistics Section**
**LPDU: Photography Review Checklist**

| Laboratory Number: | 2021-014626 | Invoice Number: | 4000802754 |
|---|---|---|---|

In the **Asset Info View** Screen in ADAMS, ensure that:

POV Photos:
- ☒ The unique identifier, locations, and descriptions match between the notes, original and processed images, and/or scales (if visible in Asset Info View)
- N/A ☐ The description field includes the laboratory number
- ☒ All prints (including sequential prints) listed in the notes are present in Foray, and all prints present in Foray are listed in the notes
- ☒ The processing, lighting, and surface information are listed, and the processing information is consistent with that listed in the notes
- ☒ The images are calibrated, and the calibration is reasonable
- ☒ The images are in TIFF or RAW format
- ☒ The category is "Fingerprint"
- ☒ The resolution of the original image is consistent with, if not the same as, the processed image
- ☒ The file name, if it has been changed from the original name, is consistent with the description
- ☒ The history tab is present for each processed image

Post-Analysis Overall Photos:
- ☒ The description field includes the laboratory number, item number, description of the item (when necessary), and indicated as post analysis, and is consistent with the notes
- ☒ The images are in TIFF, RAW, or JPEG format
- ☒ The category is "Post-analysis"

In the **Full View** Screen in ADAMS, ensure that:

POV Photos:
- ☒ The scale is legible and in focus
- ☒ The print is in focus and properly composed
- ☒ The unique identifier on the scale matches that listed in the description (This step must be performed if it was not done in the Asset Info View)
- ☒ Ensure that each original image has at least one processed image

Post-Analysis Overall Photos
- ☒ The scale is legible and in focus
- ☒ The image is in focus and properly composed
- ☒ The laboratory number, item number, and analyst's initials are present, legible and in focus
- ☒ The locations of all POV prints are properly and legibly indicated by the unique identifier on its respective item(s) (multiple photos may be necessary).

Reviewer: _K. Galinsky_          _[Signature]_          _6/18/21_
Printed Name                    Signature/Initials          Date



LABORATORY REPORT

**NEW YORK CITY POLICE DEPARTMENT**
**POLICE LABORATORY**
**CRIMINALISTICS SECTION**

| | |
|---|---|
| LABORATORY # | 2021-014626 |
| LABORATORY REPORT # | 1 |
| COMPLAINT # | 2021-010-00679 |
| INVOICE # | 4000802754 |

INVOICED BY: DT3 FRANK SARRICA Tax#:924463 Command: ORG CRIME DRUG ENF STRIKE FORC

DATE SUBMITTED: 03/16/2021

DEFENDANT(S):

ANALYSIS STARTED: 05/14/2021
ANALYSIS COMPLETED: 05/17/2021

TYPE OF ANALYSIS: LATENT PRINT DEVELOPMENT

## A) DESCRIPTION OF EVIDENCE

EVIDENCE PRESENT AS ITEMIZED ON INVOICE:    [X] YES    [ ] NO (SEE REMARKS)

| Invoice Item # | Laboratory Item # | Qty | Description |
|---|---|---|---|
| 1 | 1 | 1 | Reflective silver metal firearm with a white pearlized grip marked Serial #: RIA1655211, M1911-A1FS, APINTL-PAHRUMP NV ACP Philippines, with possible hair |
| 2 | 2 | 1 | Gold and copper metal cartridge marked Winchester 45 Auto (Found in (1) zip lock bag) |
| 3 | 3 | 6 | Metal cartridges: (1) gold and copper, marked Federal 45 Auto and (5) gold, marked MAXTECH 45 Auto (Found in (1) zip lock bag) |
| 4 | 4 | 1 | Reflective silver metal magazine marked Kimber, 45ACP |

## B) EXAMINATION REQUESTED

1. Latent print development
2. DNA collection

## C) METHODS USED

| Laboratory Item # | Methods Used |
|---|---|
| 1 | Visual examination, Alternate Light Source, Cyanoacrylate, MBD and Digital Capturing/Processing |
| 2 | Visual examination, Alternate Light Source, Cyanoacrylate and MBD |
| 4 | Visual examination, Alternate Light Source, Cyanoacrylate, MBD and Digital Capturing/Processing |

## D) RESULTS OF EXAMINATION/ANALYSIS

1. Latent print(s) potentially of value (POV) were developed on the laboratory item #(s) listed below. Latent print(s) potentially of value were recovered from the following:

   **Laboratory item # 1**    Total # of potentially of value prints: 1 (identified as TAG1)
   TAG1: on firearm slide

   **Laboratory item # 4**    Total # of potentially of value prints: 2 (identified as TAG2-TAG3)
   TAG2-TAG3: on body of magazine

THE RESULTS STATED ABOVE RELATE ONLY TO THE ITEMS TESTED OR SAMPLED AND APPLY TO THE SAMPLE AS RECEIVED. THIS REPORT DOES NOT CONSTITUTE THE ENTIRE CASE FILE. THE CASE FILE MAY BE COMPRISED OF WORKSHEETS, IMAGES, ANALYTICAL DATA AND OTHER DOCUMENTS. THIS REPORT SHALL NOT BE REPRODUCED EXCEPT IN FULL WITHOUT APPROVAL OF THE LABORATORY TO PROVIDE ASSURANCE THAT PARTS OF A REPORT ARE NOT TAKEN OUT OF CONTEXT.
THE DEFINITIONS OF TERMS USED IN THIS REPORT CAN BE LOCATED AT THE NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES WEBSITE:
http://www.criminaljustice.ny.gov/forensic/labreportstandards.htm
**THE RESULTS ARE THE OPINIONS / INTERPRETATIONS / CONCLUSIONS OF THE UNDERSIGNED.**
I HEREBY CERTIFY THAT I TESTED/EXAMINED/ANALYZED THE ABOVE DESCRIBED ITEM(S) AND THAT THIS REPORT IS AN ORIGINAL REPORT MADE BY ME. FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE NEW YORK STATE PENAL LAW.

| CRIM III | Tiffany Garcia | | 358508 | | |
|---|---|---|---|---|---|
| RANK/TITLE | AUTHORIZER/ANALYST NAME | ANALYST SIGNATURE | TAX # | DATE PREPARED | DATE ISSUED |



LABORATORY REPORT

NEW YORK CITY POLICE DEPARTMENT
POLICE LABORATORY
CRIMINALISTICS SECTION

| | |
|---|---|
| LABORATORY # | 2021-014626 |
| LABORATORY REPORT # | 1 |
| COMPLAINT # | 2021-010-00679 |
| INVOICE # | 4000802754 |

INVOICED BY:     DT3 FRANK SARRICA Tax#:924463 Command: ORG
CRIME DRUG ENF STRIKE FORC

DEFENDANT(S):

| | |
|---|---|
| DATE SUBMITTED: | 03/16/2021 |
| ANALYSIS STARTED: | 05/14/2021 |
| ANALYSIS COMPLETED: | 05/17/2021 |

2. Possible DNA and/or hand-picked trace evidence was collected from the evidence listed on the above invoice. These items were invoiced under Property Clerk Invoice #(s) 6000031680 and 6000031683, and will be forwarded to the Evidence Control Section pending further disposition.

**Laboratory item # 1.1**     One swab from edges of trigger guard and textured areas of trigger
**Laboratory item # 1.2**     One swab from textured areas of grip
**Laboratory item # 1.3**     One swab from edges/textured areas of slide, slide lock, safety, sights, hammer, magazine release and magazine well
**Laboratory item # 1.4**     One gel lift containing possible hair collected from firearm slide
**Laboratory item # 4.1**     One swab from edges of magazine

**E) REMARKS**

1. Latent print(s) potentially of value were digitally captured and digitally processed. These digital images were made available to the Latent Print Section of this Department for further examination.

2. DNA and/or serological examinations are conducted by the Department of Forensic Biology at the Office of Chief Medical Examiner.

3. All hairs and hair fragments are possibly suitable for DNA analysis.

4. Unless previously stated, no analysis or comparison was conducted with the recovered/observed trace evidence. Trace evidence may be suitable for additional analyses to help provide investigative information or establish associations between individuals and/or locations. Comparisons can be conducted on some types of trace evidence if known samples are collected from the victim, suspect, and/or items found at the scene of the incident. If determined to be necessary and probative, please contact the Police Laboratory to recall the evidence for analysis assessment.

5. The above listed evidence under invoice #4000802754 will be forwarded to the Evidence Control Section pending further analysis by the Firearms Analysis Section.

6. The above listed evidence under invoice #6000031680 will be forwarded to the Evidence Control Section for triage by the Office of Chief Medical Examiner Liaison Unit.

7. The above listed evidence under invoice #6000031683 will be forwarded to the Property Clerk Division for storage.

THE RESULTS STATED ABOVE RELATE ONLY TO THE ITEMS TESTED OR SAMPLED AND APPLY TO THE SAMPLE AS RECEIVED. THIS REPORT DOES NOT CONSTITUTE THE ENTIRE CASE FILE. THE CASE FILE MAY BE COMPRISED OF WORKSHEETS, IMAGES, ANALYTICAL DATA AND OTHER DOCUMENTS. THIS REPORT SHALL NOT BE REPRODUCED EXCEPT IN FULL WITHOUT APPROVAL OF THE LABORATORY TO PROVIDE ASSURANCE THAT PARTS OF A REPORT ARE NOT TAKEN OUT OF CONTEXT.
THE DEFINITIONS OF TERMS USED IN THIS REPORT CAN BE LOCATED AT THE NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES WEBSITE:
http://www.criminaljustice.ny.gov/forensic/labreportstandards.htm
**THE RESULTS ARE THE OPINIONS / INTERPRETATIONS / CONCLUSIONS OF THE UNDERSIGNED.**
I HEREBY CERTIFY THAT I TESTED/EXAMINED/ANALYZED THE ABOVE DESCRIBED ITEM(S) AND THAT THIS REPORT IS AN ORIGINAL REPORT MADE BY ME. FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE NEW YORK STATE PENAL LAW.

| CRIM III | Tiffany Garcia | | 358508 | | |
|---|---|---|---|---|---|
| RANK/TITLE | AUTHORIZER/ANALYST NAME | ANALYST SIGNATURE | TAX # | DATE PREPARED | DATE ISSUED |

# REVIEW CHECK LIST

| Lab Case: | 2021-014626 | Section: | Latent Print Development |
|---|---|---|---|
| Report Number: | 1 | Analyst: | Tiffany Garcia |
| Admin Review1 | | Reviewed by: | Kara Galinsky    Review date: 5/18/21 @ 1621 |

| Questions | Text |
|---|---|
| Grammar and spelling are accurate. | No |
| All administrative and examination records are uniquely identified according to laboratory policy and procedure. | No |
| All key information is included in the case record. | No |
| Conforms with administrative policies and procedures as described in applicable manuals. | No |
| Verification/confirmation noted, dated and initialed or electronic equivalent. | No |
| Data transfers are performed correctly. | No |

**Comments**

B2- Item #3 should be spelled "MAXXTECH"
A2- Item #3 missing from methods used
A5- ridge detail statement missing for items #2 and 3

**New York City Police Department**
**Police Laboratory – Quality Assurance**
**LPDU: Cyanoacrylate Fuming Chamber Maintenance**

SECTION: CRIM-LPDU
MANUFACTURER Misonix
EQUIPMENT #: C10

MODEL #: CA-6000
LOCATION #: Room 442B

## LPDU Cyanoacrylate Fuming Chamber Maintenance

| DATE | Filter Cycles | Filter Replaced (Y/N) | Humidity Circulation (Y/N) | Maintenance Performed | Analyst | Reviewing Supervisor | Date of Supervisor Review |
|---|---|---|---|---|---|---|---|
| 01/22/18 | 79 | No | Yes | | Sciortino | Agarwal | 1/22/2018 |
| 02/20/18 | 89 | No | Yes | | Sciortino | C. Pires | 2/20/2018 |
| 03/20/18 | 101 | No | Yes | | Sciortino | M.Agarwal | 3/21/2018 |
| 04/20/18 | 120 | No | Yes | Vinegar used to descale | Sciortino | M.Agarwal | 4/26/2018 |
| 05/22/18 | 131 | No | Yes | | Sciortino | M.Agarwal | 5/24/2018 |
| 06/20/18 | 142 | No | Yes | Vinegar used to descale | Garcia | M.Agarwal | 6/22/2018 |
| 07/20/18 | 148 | No | Yes | | Sciortino | M.Agarwal | 7/20/2018 |
| 08/22/18 | 161 | No | Yes | Vinegar used to descale | Sciortino | M.Agarwal | 8/22/2008 |
| 09/21/18 | 167 | No | Yes | | Sciortino | M.Agarwal | 9/21/2018 |
| 10/22/18 | 177 | No | Yes | Vinegar used to descale | Sciortino | M.Agarwal | 10/22/2018 |
| 11/21/18 | 185 | No | Yes | | Sciortino | M.Agarwal | 11/28/2018 |
| 12/21/18 | 194 | No | Yes | Vinegar used to descale | Sciortino | M.Agarwal | 12/24/2018 |
| 01/23/19 | 204 | No | Yes | | Sciortino | M.Agarwal | 1/25/2019 |
| 02/22/19 | 214 | No | Yes | Vinegar used to descale | Garcia | M.Agarwal | 2/25/2019 |
| 03/21/19 | 225 | No | Yes | | Christie | A. Cielizcka | 3/22/2019 |
| 04/23/19 | 234 | No | Yes | Vinegar used to descale | Christie | A. Cielizcka | 4/24/2019 |
| 04/29/19 | 0 | Yes | Yes | filter, pre filter and fan filters replaced by engineers | Garcia | M.Agarwal | 5/1/2019 |
| 05/22/19 | 4 | No | Yes | | Christie | M.Agarwal | 5/23/2019 |
| 06/21/19 | 17 | No | Yes | | Christie | M.Agarwal | 6/24/2019 |
| 07/22/19 | 26 | No | Yes | Vinegar used to descale | Christie | M.Agarwal | 7/30/2019 |
| 08/21/19 | 36 | No | Yes | | Christie | M.Agarwal | 8/29/2019 |
| 09/20/19 | 50 | No | Yes | Vinegar used to descale | Christie | M.Agarwal | 9/30/2019 |
| 10/21/19 | 55 | No | Yes | | Christie | M.Agarwal | 10/22/2019 |
| 11/20/19 | 60 | No | Yes | Vinegar used to descale | Christie | M.Agarwal | 11/20/2019 |
| 12/20/19 | 66 | No | Yes | | Christie | M.Agarwal | 12/23/2019 |
| 01/21/20 | 73 | No | Yes | Vinegar used to descale | Christie | C. Pires | 1/23/2020 |
| 02/21/20 | 82 | No | Yes | | Garcia | M.Agarwal | 2/21/2020 |
| 03/20/20 | 90 | No | Yes | Vinegar used to descale | Christie | C. Pires | 3/30/2020 |
| 04/21/20 | | | | Annual maintenance is not needed at this time-moni | Garcia | C. Pires | 4/21/2020 |
| 04/27/20 | 97 | No | Yes | Vinegar used to descale | Garcia | C. Pires | 4/27/2020 |
| 05/26/20 | 104 | No | Yes | | Preese | C. Pires | 5/27/2020 |
| 06/26/20 | 129 | No | Yes | Vinegar used to descale | Appenzoller | C. Pires | 6/26/2020 |
| 07/24/20 | 141 | No | Yes | | Salvato Gomez | M.Agarwal | 7/24/2020 |
| 08/21/20 | 149 | No | Yes | Vinegar used to descale | Appenzoller | M.Agarwal | 8/24/2020 |
| 09/20/20 | 159 | No | Yes | | Galinsky | A. Cielizcka | 9/20/2020 |
| 10/21/20 | 172 | No | Yes | Vinegar used to descale | Krantzler | C. Pires | 10/21/2020 |
| 11/22/20 | 189 | No | Yes | | Garcia | C. Pires | 11/22/2020 |
| 12/21/20 | 201 | No | Yes | Vinegar used to descale | Garcia | C. Pires | 12/22/2020 |
| 01/21/21 | 208 | No | Yes | | Galinsky | C. Pires | 1/21/2021 |
| 02/22/21 | 220 | No | Yes | Vinegar used to descale | Rufa | A. Cielizcka | 2/23/2021 |
| 03/19/21 | 228 | No | Yes | | Appenzoller | M.Agarwal | 3/22/2021 |
| 04/19/21 | 234 | No | Yes | Vinegar used to descale | Tahon | C. Pires | 4/19/2021 |

2021046762 @

# EXHIBIT F







EXHIBIT G









EXHIBIT H

